UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT EVERSOLE, | ) | 1:13-cv-01430 AWI GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION TO |
| v. | ) | DISMISS THE PETITION |
| | ) | |
| | ) | [ECF No. 14] |
| JEFFREY BEARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections at Kern Valley State Prison. He challenges a prison disciplinary hearing held on April 11, 2010, wherein Petitioner was found guilty of possessing an inmate-manufactured weapon and for which he was assessed a 360-day loss of time credits. (Resp't's Mot. to Dismiss, Ex. 1; Petition at 41-44.) Petitioner administratively appealed the decision; the final administrative appeal was denied on January 7, 2011. (Resp't's Mot. to Dismiss, Ex 1 at 15.)

Petitioner filed several collateral challenges in the state courts. On January 9, 2012, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court. (Resp't's Mot. to Dismiss, Ex. 1.) The superior court denied the petition on February 9, 2012. (Resp't's Mot. to

1

Dismiss, Ex. 2.) Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal on April 3, 2012, and the petition was summarily denied on June 19, 2012. (Resp't's Mot. to Dismiss, Ex. 3-4.) On April 1, 2013, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, and the petition was denied on June 12, 2013. (Resp't's Mot. to Dismiss, Ex. 5-6.)

On September 9, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court. Respondent filed a motion to dismiss the petition on February 6, 2014, as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal.1999) (using Rule 4 to review motion to dismiss for statute of limitations violation). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

///

///

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on September 2, 2013, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied.  Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations

1  period).  Therefore, the limitations period commenced on January 8, 2011, the day after Petitioner was
2  informed that his administrative appeal had been denied.  Under Section 2244(d)(1)(D), Petitioner had
3  one year until Monday, January 9, 2012, in which to file his federal petition for writ of habeas corpus.
4  However, Petitioner delayed filing the instant petition until September 2, 2013, which was over a year
5  and a half beyond the due date.  Absent any applicable tolling, the instant petition is barred by the
6  statute of limitations.

7  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for
9  State post-conviction or other collateral review with respect to the pertinent judgment or claim is
10 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey
11 v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly
12 pursuing post-conviction relief, and the period is tolled during the intervals between one state court's
13 disposition of a habeas petition and the filing of a habeas petition at the next level of the state court
14 system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert.*
15 *denied*, 120 S.Ct. 1846 (2000).  Nevertheless, state petitions will only toll the one-year statute of
16 limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was
17 timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408
18 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal
19 courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

20 As stated above, the statute of limitations ran from January 8, 2011 to January 9, 2012.  On the
21 final day of the limitations period, Petitioner filed his first state habeas petition.  Petitioner is entitled
22 to tolling for the time this petition was pending in the superior court until the subsequent petition filed
23 in the appellate court was denied, because Petitioner timely proceeded to the appellate court after the
24 habeas petition in the superior court was denied.  However, Petitioner is not entitled to tolling for the
25 gap between the petition filed in the appellate court and the petition filed in the California Supreme
26 Court.  The appellate court petition was denied on June 19, 2012.  He then delayed for a period of 286
27 days before filing his petition in the California Supreme Court.  Such a lengthy delay is unreasonable.
28 See Stewart v. Cate, 734 F.3d 955, 1000-01 (9th Cir.2013) (100-day delay unreasonable); Stancle v.

4

Clay, 692 F.3d 948, 956 (9th Cir. 2012) (82-day delay unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir.2011) (81- and 91-day delays unreasonable). Since Petitioner is not entitled to tolling for that interval, the limitations period expired on June 19, 2012, the day the appellate habeas petition was denied. As previously noted, he did not file his federal petition until September 2, 2013, well over a year after the limitations period expired. Therefore, the petition is untimely. 28 U.S.C. § 2244(d).

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED, and the petition be DISMISSED WITH PREJUDICE for violating the statute of limitations.

This Findings and Recommendation is submitted to District Judge Anthony W. Ishii pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 19, 2014**                    /s/ Gary S. Austin
                                                          UNITED STATES MAGISTRATE JUDGE